## BELDOCK LEVINE & HOFFMAN LLP

99 PARK AVENUE

NEW YORK, N.Y. 10016-1503

ELLIOT L. HOFFMAN
MYRON BELDOCK
BRUCE E. TRAUNER*
PETER S. MATORIN
KATHERINE G. THOMPSON
CYNTHIA ROLLINGS
JONATHAN MOORE*△
KAREN L. DIPPOLD
JEFFREY A. GREENBERG
JONATHAN K. POLLACK
VERA M. SCANLON
HENRY A. DLUGACZ

TEL: (212) 490-0400
FAX: (212) 557-0565
WEBSITE: blhny.com

LAWRENCE S. LEVINE (1934-2004)

COUNSEL
MARJORY D. FIELDS

REF:

WRITER'S DIRECT DIAL:

ALSO ADMITTED IN:
*CALIFORNIA
△ ILLINOIS
* FLORIDA

May 17, 2011

**BY ECF**
Magistrate Judge A. Kathleen Tomlinson
United States District Court for
the Eastern District of New York
100 Federal Plaza/P.O. Box 9014
Central Islip, New York 11722-9014

   Re: <u>Morgan v. County of Nassau</u>, 09-cv-4168 (ADS) (AKT)

Dear Judge Tomlinson:

  Plaintiff's counsel writes to request the Court's assistance in obtaining outstanding discovery from defendants, which include deposition dates, discovery request responses and interrogatory responses. This case concerns the Nassau County Police Department's (NCPD) use of excessive force with a police horse against plaintiff and his false arrest at the October 2008 presidential debate at Hofstra University. On March 18, 2011, the parties had a status conference with the Court. In April, some documents were produced and four NCPD officers were deposed. On April 19, 2011, plaintiff moved to amend the complaint and to add parties based on deposition testimony and documents produced; defendants have not opposed that motion. We write at this time because no additional discovery has been forthcoming from the defendants since mid-April; initial expert reports are due June 6, 2011; discovery closes July 11, 2011; defendants' discovery production is deficient; and witnesses have not appeared for depositions. We anticipate that some of the requested documents and information are relevant for our anticipated expert report, and certainly relevant to our case at trial.

  We have attempted in good faith to resolve the discovery issues through repeated letters and emails to defendants' counsel since the fall of 2010, and telephone calls, including a call with the Deputy County Attorney on May 12, 2011. He told us that he would give us a status report on May 16, 2011, but we received none, despite our email reminder.

**Depositions:** To date, defendants have taken plaintiff Morgan's deposition, and plaintiffs have taken the depositions of defendants Quagliano and Maher, now-putative defendant Pandolfo and NCPD Det. Sgt. Harasym. Plaintiff noticed the following depositions:

Beldock Levine & Hoffman LLP

NCPD Chief of Patrol Karen O'Callahan on November 4, 2010 for November 29, 2010;
NCPD Officer James O'Leary on November 23, 2010 for December 17, 2010;
NCPD Officer Andrew Carbon on April 25, 2011 for May 17, 2011; and
NCPD Officer Michael Kelly on April 25, 2011 for May 18, 2011.

As to Chief O'Callahan, the County informed us that she was retired but that the County would inform us whether they would produce her or if we would have to subpoena her. We asked for her last known address if the County would not produce her. We have not received a response from the County. She is a relevant witness because according to publicly available documents, she was one of the County's representatives for the inter-agency coordinated security planning done for the Hofstra debate, which may have included the use of the NCPD Mounted Unit. As to the other three witnesses, officers O'Leary and Carbon did not appear for the depositions. Counsel has not confirmed that officer Kelly will appear tomorrow, as he told us last week that he had to make telephone calls to determine the deponents' availability and would let us know yesterday about the status of the depositions, but we did not hear from him. Based on our review of the documents produced to date and the testimony of other witnesses, we believe these three witnesses have relevant information. It appears that officer O'Leary was the incident commander for the protest outside Hofstra near where plaintiff was injured and arrested; NCPD Officer Carbon attempted to arrest either plaintiff or someone near him, which led to plaintiff being injured; and NCPD Officer Kelly approved the attempt to arrest either plaintiff or others near him. We ask that the Court order the production of these witnesses on May 26th, 27th, and 31st and/or June 1st. Additionally, we have not yet received a copy of plaintiff's transcript for his December 2010 deposition, which defendants' counsel said he would send to us.

**Document requests**: Plaintiff served document requests on or about September 20, 2010. Defendants made a very limited production in the fall of 2010, and did not supplement it despite plaintiff's requests. In the parties' January 11, 2011 letter to the Court, defendants' counsel stated that "there has been some difficulty in obtaining all the information necessary to fully comply with the plaintiff's demands but defendants' efforts have increased in the past several weeks and defendants' anticipate having documents responsive to plaintiff's un-objected-to demands served in the next few weeks." In the parties' March 2, 2011 letter to the Court, defendants' counsel indicated that defendants intended to produce responsive documents that week. Only on April 12, 2011, a day before NCPD defendant Maher's deposition and a few days before the Quagliano, Harasym and Pandolfo depositions, did defendants produce the NCPD's internal investigation report of the incident, albeit without many of its exhibits.

Thus, defendants' document production remains woefully inadequate. We have written to defendants' counsel on numerous occasions outlining the missing documents, copies of which can be provided at the Court's request. For example, on December 8th, we listed the following document deficiencies in an email to counsel:

> any documents relating to planning for the NCPD's involvement in policing the presidential candidate debate, including the use of horses; to pre-debate discussions between the NCPD and IVAW; to reports of police activity involving other individuals injured at the event (we note here that we understand that at least two other persons were hit by police horses); to personnel or disciplinary matters involving the identified officers; to any NCPD records relating to Mr. Morgan's

BELDOCK LEVINE & HOFFMAN LLP

medical treatment; and to witness statements obtained or gathered by the NCPD relating to the October 15th event.

For another example, on April 13, 2011, we wrote to defendants' counsel requesting the following documents, the existence and relevance of which were made clear to us during the April 12th deposition of Det. Sgt. Harasym, who conducted the NCPD internal investigation:

Pages 133 through 421 of the Internal Affairs investigation report ("IA report"); All attachments referred to in the IA report; All photographs taken, reviewed and/or relied on by Sgt. Harasym or any other member of the NCPD during the Department's investigation of the instant incident; All statements of civilian witnesses; Investigative log; All parts of the "attachments folder" to which Sgt. Harasym referred during his deposition; You Tube video and photographs viewed by Sgt. Harasym; All emails/electronic communications pertaining to the investigation of the instant incident, including the emails with video attachments to which Sgt. Harasym referred during his deposition; The list(s) of videos and photographs taken, reviewed and/or relied on by Sgt. Harasym; All handwritten documents, including all notes by Sgt. Harasym taken during his investigation of the instant incident; Tape recordings.

On April 25th, 28th and 29th, and May 6th, we again requested that defendants respond to our requests. We have only received an acknowledgment of the outstanding requests and the promise of an update, but no documents.

Of particular concern to plaintiff are documents relating to planning for security at Hofstra and the use of the Mounted Unit; the attachments to the internal affairs report and any other documents reviewed in connection with the preparation of the report; any videotapes of the relevant events; any witnesses' statements relating to the event; any documents relating to the other 14 people arrested by the NCPD at the protest. Because of the lack of objections and the relevance of the documents, including to our possible police procedures expert, we respectfully request that the Court order defendants to respond to all of plaintiff's outstanding document requests, and provide all responsive documents by May 25th.

**Interrogatories**: Plaintiff served interrogatories on or about September 20, 2010. We have not received any objections or response to the interrogatories. We respectfully request that the Court order the defendants to respond to interrogatories by May 25th.

Sincerely,

Vera M. Scanlon

cc: John Ciampoli, Nassau County Attorney
1 West Street
Mineola, New York 11501
Attn.: Andrew R. Scott, Deputy County Attorney